THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH H. STROUP, Defendant-Appellant.

Second District    No. 2—06—1236

Opinion filed January 8, 2010.

Patricia Unsinn and Linda M. Olthoff, both of State Appellate Defender's Office, of Chicago, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Edward R. Psenicka, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HUTCHINSON delivered the opinion of the court:

At issue in this appeal is whether the concurrent 25-year sentences of defendant, Kenneth H. Stroup, for armed robbery (720 ILCS 5/18—2(a) (West 2002)) and home invasion (720 ILCS 5/12—11(a)(6) (West 2002)) are grossly disparate to the concurrent 15-year sentences imposed on defendant's codefendant, Damon Jones, for the same offenses. Because Jones was sentenced on additional convictions, we determine that defendant and Jones are not similarly situated. Thus, we affirm.

In April 2003, defendant and two of his friends, Jones and Craig Buzzell, entered the home that Mr. and Mrs. Brummel shared with their teenage daughter. Once inside, defendant, Jones, and Buzzell

rifled through the Brummels' belongings, stealing a few items. Mr. and Mrs. Brummel were taken to the basement, where they were tied up and monitored by defendant and Buzzell. The Brummels' daughter was escorted upstairs, where Jones sexually assaulted her.

Buzzell, whose case was resolved first, entered a negotiated plea of guilty to armed robbery, home invasion, and aggravated criminal sexual assault. He was sentenced to concurrent terms of 25 years for armed robbery and home invasion and a consecutive term of 10 years for aggravated criminal sexual assault, for an aggregate sentence of 35 years. As part of his plea agreement, Buzzell agreed to testify against Jones and defendant, both of whom were planning on exercising their right to trial. Jones subsequently waived his right to trial and entered an open plea of guilty to armed robbery, home invasion, and three counts of aggravated criminal sexual assault. Jones was sentenced to concurrent terms of 15 years for home invasion and armed robbery and consecutive terms of 15 years for the aggravated criminal sexual assault convictions, for an aggregate sentence of 60 years.

Thereafter, defendant entered an open plea of guilty to armed robbery and home invasion, before the same judge who sentenced Jones. Following a sentencing hearing, defendant was sentenced to concurrent terms of 25 years. In imposing the sentences, the trial court commented:

"The defense has argued that the appropriate sentence is 15 years in the Department of Corrections because that is what Mr. Jones received for the offense of armed robbery—the offenses of armed robbery and home invasion. Certainly that is what the Court imposed upon Mr. Jones after a full sentencing hearing, but I think in order to make sure that the record is clear, that everyone understands that Mr. Jones's sentencing parameters were much different than this defendant's.

Mr. Jones was being sentenced on three separate offenses of aggravated criminal sexual assault as well as the home invasion and armed robbery. By operation of law, those sentences must run consecutive to one another. He did receive a 15-year concurrent sentence on home invasion and armed robbery. He also received a 15-year sentence on each of the separate aggravated criminal sexual assaults for an aggregate term of 60 years in the Department of Corrections with 45 of those years to be served at 85 percent. Mr. Jones, if he lives that long, will be released from the penitentiary somewhere around age 70. So to say that a 15-year sentence for this based upon Mr. Jones's sentence is appropriate, I do not think that is appropriate.

\*\*\*

Now, clearly based upon Mr. Jones's sentence and his actions in this case [he] was the m[o]st culpable of the three individuals. And if we're rating them in some way, Mr. Buzzell's conduct would certainly be second in line and the defendant's third because Mr. Buzzell also committed several other home invasions, two with Mr. Jones and then apparently one when he was on the run in Minnesota. So to—based upon all those factors, Mr. Jones clearly was the most culpable individual, Mr. Buzzell second based upon the totality of his criminal conduct and the defendant third.

*** So although these individuals are similarly situated, they're codefendants in this particular case, and the Court will look at their sentences to give some direction as to what an appropriate sentence is in this case. They are also somewhat differently situated tha[n] this defendant."

Defendant moved to reconsider, arguing that his sentences were excessive, especially when compared to the sentences imposed on Jones and Buzzell. The trial court denied the motion. In so doing, the court stated:

"The one thing that I do wish to comment on is the last allegation, that this sentence was disproportionate to the other co-defendants based upon their culpability. And I do not find that to be the case at all.

Mr. Jones will do an aggregate sentence of sixty years in the Department of Corrections, or more, at eighty-five percent, which he'll be around eighty-something when he gets out, if he gets out."

Defendant timely appealed, and the court appointed the Office of the State Appellate Defender to represent him. Pursuant to the procedure set forth in *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), and *People v. Jones*, 38 Ill. 2d 384 (1967), the appellate defender moved to withdraw as appellate counsel. We denied that motion and ordered the parties to brief whether defendant's 25-year sentences were grossly disparate to the 15-year sentences imposed on Jones for the same offenses. It is that issue that we consider now.

The arbitrary and unreasonable disparity between the sentences of similarly situated codefendants is impermissible. *People v. Taylor*, 318 Ill. App. 3d 464, 477 (2000). However, fundamental fairness is not violated simply because one defendant is sentenced to a greater term than another. *People v. McCann*, 348 Ill. App. 3d 328, 339 (2004). While defendants similarly situated should not receive grossly disparate sentences, equal sentences are not required for all participants in the same crime. *People v. Spriggle*, 358 Ill. App. 3d 447, 455 (2005). A sentencing disparity may be justified by differing degrees of involvement in the crime or any differences in the codefendants' criminal his-

tory, character, or rehabilitative potential. *People v. Grisset*, 288 Ill. App. 3d 620, 634 (1997). "It is not the disparity that controls, but the reason for the disparity." *Spriggle*, 358 Ill. App. 3d at 455. Sentencing is a matter of judicial discretion, and therefore, a sentence that is within statutory limits will not be overturned absent an abuse of discretion. *People v. Martinez*, 372 Ill. App. 3d 750, 759 (2007), citing *People v. Perruquet*, 68 Ill. 2d 149, 153 (1977).

The State asserts that we should reject defendant's disparate-sentence claim because he was not similarly situated with Jones, who was sentenced on additional convictions. In support of this argument, the State relies on *People v. Martinez*, 372 Ill. App. 3d 750 (2007). In *Martinez*, the defendant was sentenced to 20 years' imprisonment for armed robbery. *Martinez*, 372 Ill. App. 3d at 760. A codefendant was sentenced to 10 years' imprisonment for armed robbery and 40 years' imprisonment for murder. *Martinez*, 372 Ill. App. 3d at 760. The appellate court determined that, because the codefendant received an additional sentence for murder, "the two defendants were not similarly situated." *Martinez*, 372 Ill. App. 3d at 760.

Defendant concedes that *Martinez* is analogous to the matter presently before us, but argues that it is at odds with the supreme court's decision in *People v. Godinez*, 91 Ill. 2d 47, 48 (1982). In *Godinez*, the defendant and his brother, among others, were convicted of armed robbery. *Godinez*, 91 Ill. 2d at 50. In addition, the defendant was convicted of aggravated kidnaping. The defendant and his brother were sentenced at a joint sentencing hearing. The defendant received a sentence of 24 years for armed robbery and a concurrent 10 years for aggravated kidnaping. The defendant's brother was sentenced to 15 years for armed robbery. On appeal, the appellate court reduced the defendant's 24-year armed-robbery sentence to match his brother's 15-year sentence, finding no basis for any disparity. *Godinez*, 91 Ill. 2d at 54. However, the supreme court restored the 24-year sentence. The court noted that "[a]n arbitrary and unreasonable disparity between the sentences of codefendants who are similarly situated, of course, cannot be defended." *Godinez*, 91 Ill. 2d at 55. However, the court found that "the difference in sentences can be supported by the difference in the roles of the defendant and [his brother] in the crimes." *Godinez*, 91 Ill. 2d at 55. Thus, according to defendant, the "implicit" holding of *Godinez* is that two defendants can be similarly situated for the purpose of a disparate-sentence claim even if one defendant is sentenced for additional convictions. Therefore, defendant maintains that we can consider whether his concurrent 25-year sentences for armed robbery and home invasion were disparate to the 15-year sentences imposed on Jones for the same offenses even though Jones was also sentenced for additional offenses.

Defendant's reliance on the "implicit" holding in *Godinez* to support his assertion that he was similarly situated to Jones despite Jones being sentenced for additional offenses is unpersuasive. We do not read *Godinez* as loosely as defendant urges. The *Godinez* court did not specifically address the issue of whether the codefendants were similarly situated. Thus, as we read *Godinez*, because the supreme court concluded that the longer sentence imposed on the defendant for his armed-robbery conviction was justified due to his more culpable role in the commission of that crime, it was unnecessary for the court to consider whether the codefendants were similarly situated. In other words, because the *Godinez* court did not address the issue of whether the codefendants were similarly situated or provide analysis as to what renders codefendants similarly situated for the purpose of a disparate-sentence claim, and instead rejected the defendant's disparate-sentence claim on another basis consistent with the record (see, *e.g.*, *People v. Dinelli*, 217 Ill. 2d 387, 403 (2005) (holding that a reviewing court can affirm on any basis appearing in the record)), it would be inappropriate for us to rely on an "implicit" holding in *Godinez* to conclude that defendant and Jones were similarly situated. Accordingly, we reject defendant's assertion that, pursuant to *Godinez*, he was similarly situated to Jones for the purpose of a disparate-sentence claim.

Our conclusion that we cannot rely on *Godinez* for authority to find that defendant and Jones were similarly situated is supported for two additional reasons. First, as defendant conceded at oral argument, this matter is directly analogous to *Martinez*, in which the court expressly held that two codefendants are not similarly situated for the purpose of a disparate-sentence claim if one defendant is sentenced for an additional crime. See *Martinez*, 372 Ill. App. 3d at 760. Second, and equally important, we are unaware of—and defendant has failed to provide—any additional authority to support his position that a court can consider codefendants similarly situated even though one defendant is sentenced for an additional set of crimes. We are unwilling to disregard the plethora of relevant and express authority provided in *Martinez* and similar cases (*e.g.*, *People v. Eubanks*, 283 Ill. App. 3d 12 (1996)), based on an "implicit" finding in *Godinez*. Finally, because we determine that defendant and Jones are not similarly situated for the purpose of a disparate-sentence claim, we decline to consider whether defendant's sentences for armed robbery and home invasion were grossly disparate to Jones's sentences for the same convictions, because any determination on that issue would be advisory. See *People v. Hampton*, 225 Ill. 2d 238, 245 (2007) ("Advisory opinions are to be avoided").

276

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

ZENOFF, P.J., and HUDSON, J., concur.