# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black; padding:10px;">

### *People v. Nichols*, 2021 IL App (2d) 190659

</div>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICKIE T. NICHOLS, Defendant-Appellant. |
| District & No. | Second District<br>No. 2-19-0659 |
| Filed | June 10, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 08-CF-3797; the Hon. Patricia S. Fix, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Douglas R. Hoff, and Robert N. Markfield, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Eric F. Rinehart, State's Attorney, of Waukegan (Patrick Delfino, Edward R. Psenicka, and Adam Trejo, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE BIRKETT delivered the judgment of the court, with opinion.<br>Justices Schostok and Hudson concurred in the judgment and opinion. |

**OPINION**

¶ 1        Defendant, Rickie T. Nichols, appeals the denial of his motion for leave to file a successive postconviction petition. He claims that we should relax the bar of *res judicata* because two opinions from other Illinois appellate districts changed the law that this court relied on in denying defendant relief in a prior appeal. We determine that the bar of *res judicata* cannot be relaxed here, as the change in the law did not come from a higher court. Accordingly, we affirm.

¶ 2                                                    I. BACKGROUND

¶ 3        This case was previously before us twice. See *People v. Nichols*, 2012 IL App (2d) 100028 (*Nichols I*); *People v. Nichols*, 2018 IL App (2d) 150779-U (*Nichols II*). We repeat only the background necessary to resolve the issues in this current appeal.

¶ 4        On the evening of September 9, 2008, defendant, who was 16 years old, was visiting with his friend, Stephen Knighten. While armed with an air pistol, defendant and Knighten walked around their neighborhood, looking for someone to rob. Defendant and Knighten soon encountered K.H. Defendant pointed the pistol at K.H., and he and Knighten forced K.H. to accompany them behind some bushes. Defendant forced K.H. to fellate him while he pointed the gun at her. Afterward, Knighten forced K.H. to fellate him.

¶ 5        Based on these events, defendant was charged with, among other things, two counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(1) (West 2008)). One of these counts charged defendant for Knighten's actions under an accountability theory. See *id.* § 5-2. Given the nature of the offenses, the automatic transfer statute (see 705 ILCS 405/5-130 (West 2008)) mandated that defendant be tried as an adult.

¶ 6        Following a jury trial, defendant was found guilty of both counts of aggravated criminal sexual assault, which are Class X felonies (720 ILCS 5/12-14(d)(1) (West 2008)). The court sentenced him to an aggregate term of 32 years' imprisonment, which was the minimum sentence that the trial court could impose.[1]

¶ 7        Defendant appealed, arguing that section 5-8-4(a)(ii) of the Unified Code of Corrections (Code of Corrections) (730 ILCS 5/5-8-4(a)(ii) (West 2008)), which is the mandatory consecutive sentencing law, violated his due process and proportionate penalties rights under the Illinois Constitution (Ill. Const. 1970, art. I, §§ 2, 11). *Nichols I*, 2012 IL App (2d) 100028, ¶ 73. Specifically, defendant claimed that imposing mandatory consecutive sentences under section 5-8-4(a)(ii) resulted in a sentence that was "disproportionate when considered in light of his age, his criminal history, and the seriousness of the offenses." *Id.* ¶ 75. We determined that no constitutional violation arose and affirmed the sentences. *Id.* ¶¶ 79, 86.

---

[1]The minimum sentence for each Class X offense was 6 years in prison (730 ILCS 5/5-8-1(a)(3) (West 2008)). Due to the nature of the offenses, defendant was required to serve the sentences on each count consecutively (*id.* § 5-8-4(a)(ii)). Thus, if no other sentencing provisions applied, the minimum aggregate sentence defendant could receive was 12 years. However, defendant was subject to a mandatory sentencing enhancement of 10 years on each count because he displayed to K.H. an object that appeared to be a dangerous weapon (720 ILCS 5/12-14(d)(1) (West 2008)). Accordingly, instead of two consecutive 6-year terms, the minimum sentence defendant could receive was two consecutive 16-year terms, or an aggregate sentence of 32 years.

¶ 8        Thereafter, defendant petitioned *pro se* for postconviction relief. Subsequently, (1) the petition survived summary dismissal, (2) counsel was appointed, (3) counsel filed an amended petition, and (4) the court held an evidentiary hearing. None of defendant's issues raised in these proceedings concerned his 32-year aggregate sentence. The trial court denied the petition, and defendant appealed.

¶ 9        On appeal, defendant challenged his 32-year aggregate sentence, citing the eighth amendment of the United States Constitution (U.S. Const., amend. VIII), which is made applicable to the states through the due process clause (U.S. Const., amend. XIV), and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). *Nichols II*, 2018 IL App (2d) 150779-U, ¶ 9. He argued that section 5-8-4(a)(ii) of the Code of Corrections, the mandatory consecutive sentencing law, and section 12-14(d)(1) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12-14(d)(1) (West 2008)), which required a 10-year enhancement based on a defendant's use of what was or appeared to be a dangerous weapon, were unconstitutional as applied to him because they prevented the trial court from considering mitigating circumstances associated with his youth. *Nichols II*, 2018 IL App (2d) 150779-U, ¶ 9. Defendant's eighth amendment argument relied on *Miller v. Alabama*, 567 U.S. 460 (2012), and our supreme court's interpretation of *Miller*. We rejected both constitutional claims. *Nichols II*, 2018 IL App (2d) 150779-U, ¶¶ 17, 20. We noted that our decision in *Nichols I* did not preclude us from addressing defendant's constitutional challenges because, among other things, *Miller* was decided after *Nichols I*. See *id.* ¶¶ 11, 15-16, 19. We then determined that defendant's eighth amendment argument was inapposite, as *Miller* and the other authorities defendant relied on governed mandatory or discretionary life sentences and not defendant's 32-year aggregate sentence. See *id.* ¶ 17 ("The court's point [in *People v. Holman*, 2017 IL 120655,] was that discretionary life sentences, just as much as mandatory life sentences, fall within the concerns expressed in *Miller*. The court [in *Holman*] was not suggesting that *Miller* applies to sentences other than life sentences."). We went on to hold that "because defendant's eighth-amendment claim based on *Miller* fails, so does his claim under the proportionate-penalties clause," as that clause is coextensive with the eighth amendment. *Id.* ¶ 20.

¶ 10       After we affirmed the trial court's denial of defendant's first postconviction petition, defendant moved to file a successive postconviction petition. In the motion, defendant argued, among other things, that the mandatory dangerous weapon enhancement in section 12-14(d)(1) of the Criminal Code, as applied to him, violated the proportionate penalties clause. Defendant recognized that he raised this issue in *Nichols II*. However, defendant asserted that the decisions reached in *People v. Aikens*, 2016 IL App (1st) 133578, and *People v. Barnes*, 2018 IL App (5th) 140378, warranted reexamining the issue. Moreover, in making his arguments, defendant mentioned the cause-and-prejudice test, which must be satisfied before a defendant may file a successive postconviction petition, but defendant did not constructively argue how that test applies here.

¶ 11       The trial court denied defendant's motion for leave to file a successive postconviction petition.

¶ 12       This timely appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14         At issue in this appeal is whether the denial of defendant's motion for leave to file a successive postconviction petition was proper. We review that issue *de novo*. *People v. Edgeston*, 396 Ill. App. 3d 514, 518 (2009).

¶ 15         The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)) allows a defendant to collaterally attack a prior conviction and sentence where there was a substantial violation of the defendant's state or federal constitutional rights. *People v. Gosier*, 205 Ill. 2d 198, 202-03 (2001). Although the Act contemplates a defendant filing only one postconviction petition, successive postconviction petitions may be filed if the defendant first obtains leave of court. *People v. LaPointe*, 227 Ill. 2d 39, 42 (2007); see 725 ILCS 5/122-1(f) (West 2018). All issues decided on direct appeal or in an original postconviction petition are barred by the doctrine of *res judicata*. *People v. Blair*, 215 Ill. 2d 427, 443 (2005); see 725 ILCS 5/122-3 (West 2018).

¶ 16         *Res judicata* "results 'from the practical necessity that there be an end to litigation and that controversies once decided on their merits *** remain in repose.' " *People v. Kines*, 2015 IL App (2d) 140518, ¶ 20 (quoting *Hughey v. Industrial Comm'n*, 76 Ill. 2d 577, 582 (1979)). *Res judicata* applies when (1) a court of competent jurisdiction renders a final judgment on the merits (2) that is between the same parties and (3) involves the same cause of action. *Id.* ¶ 21. Whether a claim is barred by *res judicata* is also a question of law that we review *de novo*. *Id.* ¶ 20.

¶ 17         Defendant forthrightly admits that the issue he raises now was unsuccessfully raised in his initial postconviction petition. Thus, defendant agrees that *res judicata* appears to bar his claim now. Nevertheless, defendant argues that the bar of *res judicata* should be relaxed here, given "changes in caselaw and evolving standards of decency."

¶ 18         *Res judicata* is an equitable doctrine. *Id.* ¶ 21. "In other words, the question is not solely *whether* the doctrine of *res judicata* applies; we must also ask whether it *should be* applied." (Emphases in original.) *Id.* The bar of *res judicata* may be relaxed, and a defendant may file a successive postconviction petition raising the same issue he raised previously, when fundamental fairness so requires. *People v. Lee*, 207 Ill. 2d 1, 5 (2003). In deciding whether fundamental fairness requires the relaxation of the *res judicata* doctrine, we must determine whether the defendant has satisfied the cause-and-prejudice test. *People v. Tenner*, 206 Ill. 2d 381, 392 (2002); see 725 ILCS 5/122-1(f) (West 2018).

¶ 19         Per the cause-and-prejudice test, " 'cause' " is defined as "any objective factor, external to the defense, which impeded the [defendant's] ability to raise a specific claim in the initial post-conviction proceeding." *People v. Pitsonbarger*, 205 Ill. 2d 444, 462 (2002); see 725 ILCS 5/122-1(f)(1) (West 2018). "Prejudice" is defined as an error so infectious to the proceedings that the resulting conviction violates due process. *Pitsonbarger*, 205 Ill. 2d at 464; see 725 ILCS 5/122-1(f)(2) (West 2018). Although only a *prima facie* showing of cause and prejudice is needed (*People v. Bailey*, 2017 IL 121450, ¶ 24), a defendant must show *both* cause and prejudice as to each claim asserted in his proposed successive postconviction petition (*Pitsonbarger*, 205 Ill. 2d at 463; see 725 ILCS 5/122-1(f) (West 2018)).

¶ 20         Here, although defendant did not fully discuss cause and prejudice in his motion for leave to file a successive petition, he does address cause and prejudice on appeal. Specifically, as to cause, defendant argues that two cases decided after *Nichols II*, *i.e.*, *Barnes* and *People v. Womack*, 2020 IL App (3d) 170208, "found that a mandatory minimum firearm sentencing

enhancement, as applied to [a] juvenile defendant, violated the proportionate penalties clause of the Illinois Constitution in that the enhancement no longer reflected society's evolving standard of moral decency." (In his motion for leave to file his petition, defendant relied on *Aikens*, but that case predated *Nichols II*.) Citing *Womack*, defendant asserts that "[he] has satisfied the prejudice component of the test by sufficiently alleging that a mandatory firearm enhancement is unconstitutional as applied to him as a juvenile."

¶ 21    With the above framework in mind, we first consider whether defendant has established cause. In doing so, we note that both parties recognize that *Barnes* and *Womack* came out after *Nichols II* was decided. To a certain extent, both parties seem to believe that, for purposes of relaxing *res judicata*, a change in the law can come from any court. That is not correct.

¶ 22    While it is true that an intervening change in the law can establish cause in considering whether to relax the bar of *res judicata* (see *People v. Cowherd*, 114 Ill. App. 3d 894, 898 (1983)), that rule applies only when the intervening change in the law comes from the legislature (*Kines*, 2015 IL App (2d) 140518, ¶¶ 22-24) or a higher court (*People v. Cummings*, 375 Ill. App. 3d 513, 519-20 (2007), *overruled on other grounds by People v. Ligon*, 2016 IL 118023). Here, the two cases that defendant cites as representing an intervening change in the law come from other Illinois appellate districts. As the court in *Cummings*, which neither party has cited, noted:

> "[A]ppellate court opinions are not binding on other branches of the appellate court, and a court is not bound to follow a decision of an equal or inferior court. [Citation.] ' "*[S]tare decisis* requires courts to follow the decisions of higher courts, but does not bind courts to follow decisions of equal or inferior courts." ' [Citation.] Additionally, only our supreme court may reverse or overrule a decision of the appellate court, and decisions of intermediate appellate courts are the law of the state or jurisdiction until such decisions are reversed or overruled by the court of last resort. [Citation.] Therefore, the [Illinois Appellate Court] cases [from other districts] upon which [the] defendant relies cannot stand for the proposition that our decision in [the] defendant's direct appeal was erroneous." *Id.*

¶ 23    Here, because the change in the law that defendant cites is not from a higher court, we determine that defendant has not established cause. The fact that defendant has failed to establish cause is fatal to his claim that the bar of *res judicata* must be relaxed here—because defendant must establish *both* cause and prejudice before filing a successive postconviction petition (*Pitsonbarger*, 205 Ill. 2d at 463). Because *res judicata* bars defendant from raising in a successive postconviction petition the same issue he raised in *Nichols II*, we must conclude that the trial court properly denied his motion to file a successive petition.

¶ 24    Because the intervening change in the law is not from a higher court, our conclusion that *res judicata* cannot be relaxed here is consistent with a similar equitable principle that is sometimes applied in postconviction proceedings. The law-of-the-case doctrine, like the other preclusion doctrines of *res judicata* and collateral estoppel, prevents a defendant from " 'taking two bites out of the same appellate apple.' " *Tenner*, 206 Ill. 2d at 395 (quoting *People v. Partee*, 125 Ill. 2d 24, 37 (1988)). Like *res judicata*, the law-of-the-case doctrine provides that "rulings made on points of law by a reviewing court are binding *** on subsequent appeals to the same reviewing court *unless a higher court has changed the law*." (Emphasis added.) *People v. Anderson*, 2015 IL App (2d) 140444, ¶ 27. The law-of-the-case doctrine does not apply here, as this proceeding involves defendant's proposed second petition, which is not the

same "case" as that involving his first postconviction petition (see *Tenner*, 206 Ill. 2d at 396). However, given the similarities between these two equitable principles, it seems a foregone conclusion that, like the law-of-the-case doctrine, we can relax *res judicata* here only if the intervening case law came from a higher court.

As a final matter, we comment briefly on the fact that, even if we were to reach the merits, the cases cited by defendant are questionable in light of subsequent case law. In *People v. Buffer*, 2019 IL 122327, ¶ 27, our supreme court reaffirmed that,

> "to prevail on a claim based on *Miller* and its progeny, a defendant sentenced for an offense committed while a juvenile must show that *** the defendant was subject to a *life sentence*, mandatory or discretionary, natural or *de facto*." (Emphasis added.)

Moreover, *Jones v. Mississippi*, 593 U.S. ___, 141 S. Ct. 1307 (2021), suggests that the United States Supreme Court is departing, however slightly, from its position that courts must consider a juvenile's youth before imposing a life sentence. See *id.* at ___, 141 S. Ct. at 1316.

> "In short, *Miller* followed the Court's many death penalty cases and required that a sentencer consider youth as a mitigating factor when deciding whether to impose a life-without-parole sentence. *Miller did not* require the sentencer to make a separate finding of permanent incorrigibility before imposing such a sentence." (Emphasis added.) *Id.* at ___, 141 S. Ct. at 1316.

Indeed, the dissent in *Jones* suggests that the majority's holding "guts" both *Miller* and *Montgomery v. Louisiana*, 577 U.S. 190 (2016), which determined that *Miller* could be applied retroactively to cases on collateral appeal. *Jones*, 593 U.S. at ___, 141 S. Ct. at 1328 (Sotomayor, J., dissenting, joined by Breyer and Kagan, JJ.). Thus, even if the bar of *res judicata* were relaxed here and we chose to consider *Barnes* and *Womack*, we would have to question the viability of those cases in light of *Jones* and *Buffer*.

### III. CONCLUSION

For the reasons stated, we affirm the judgment of the circuit court of Lake County.

Affirmed.