2021 IL App (2d) 200325-U
No. 2-20-0325
Order filed December 8, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CF-609 |
| JAMAIN LAMAR McFADDEN, | ) ) | Honorable Brendan A. Maher, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ZENOFF delivered the judgment of the court.
Justices Schostok and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's 10-year sentence for aggravated discharge of a firearm was not an abuse of discretion where the sentence was near the midpoint of the applicable range and the trial court appropriately weighed the mitigating factors against the severity of the crime, which involved a shooting outside a busy shopping mall. Also, there was no conflict in the sentencing-credit statute, which clearly provided that a person who commits aggravated discharge of a firearm after June 23, 2005, must serve the sentence at 85%, regardless of whether the offense resulted in great bodily harm to the victim.

¶ 2    Defendant, Jamain Lamar McFadden, pleaded guilty to aggravated discharge of a firearm

(720 ILCS 5/24-1.2(a)(2), (b) (West 2018)).  Following a hearing, he was sentenced to 10 years'

imprisonment.  At issue in this appeal is whether (1) the 10-year sentence is excessive, and (2)

defendant is entitled to day-for-day credit because of a conflict in the sentencing-credit statute. We determine that (1) defendant's sentence is not excessive, and (2) he is not entitled to day-for-day credit. Accordingly, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4       After firing a gun outside of Cherry Valley Mall on March 18, 2018, defendant was charged with several offenses. He pleaded guilty to aggravated discharge of a firearm, and the State dismissed the other charges. No agreement was made concerning a sentence. Before accepting defendant's guilty plea, the trial court admonished defendant that he faced a sentence of between 4 and 15 years in prison. 730 ILCS 5/5-4.5-30(a) (West 2018). The court also advised defendant that, because day-for-day credit did not apply, he would have to serve 85% of his sentence. Defendant told the court that he understood.

¶ 5       At the sentencing hearing, the trial court learned that defendant had a limited criminal history, obtained his general equivalency diploma (GED) while in jail, and participated in Bible study classes that the jail offered. Defendant's family testified to defendant's good character, noting that defendant did not suffer many hardships growing up. However, the three years defendant's mother was incarcerated were difficult for him, as defendant was very close to her. During those years, defendant associated with "the wrong people." Defendant—who apologized to the trial court, the State, and his family—confirmed that his mother's incarceration affected him and "turned [him] to the streets."

¶ 6       Evidence concerning the incident at Cherry Valley Mall indicated that defendant and five other men were involved in the shooting. One of the men, Marchello Johnson, fired a weapon from his car in the parking lot while defendant fired his gun right outside an entrance to the mall. Defendant was chasing one of the other five men when he turned to fire at Johnson. Many people

were milling around the mall and the parking lot when shots were fired. Defendant ran away from the scene and unsuccessfully attempted to dispose of his gun.

¶ 7    Defendant was 20 years old when he committed the offense. He was 19 years old when he committed two prior weapons offenses. In case No. 17-CF-388, defendant was convicted of unlawful use of a weapon and sentenced to probation. Soon after his case was assigned to a probation officer, a petition to revoke probation was filed because defendant never reported to probation. That petition was pending at the time of defendant's sentencing.

¶ 8    In case No. 18-CF-3006, the car defendant was driving was stopped because it did not have a front license plate. The officer who searched the car found a loaded gun under the driver's seat. Defendant was charged with unlawful possession of a firearm by a street-gang member and aggravated unlawful use of weapons. That case was also pending at the time of defendant's sentencing.

¶ 9    The trial court sentenced defendant to 10 years' imprisonment, noting that defendant would have to serve 85% of it. In imposing that sentence, the court considered that defendant failed to complete probation in case No. 17-CF-388; brought a gun to a place where guns were prohibited; and knew, as a convicted felon, that he could not possess a weapon. The court also considered that defendant was young, impetuous, and immature; had a limited criminal history; had a supportive family; accepted responsibility for his actions; had difficulties when his mother was incarcerated; may have been provoked by Johnson; demonstrated rehabilitative potential by obtaining his GED and attending Bible study; and expressed remorse. The court also noted that no one was harmed by the shooting. Moreover, although the judge who sentenced defendant was not the same judge who presided over Johnson's case, the court considered Johnson's 12-year sentence and the circumstances under which it was imposed, including that Johnson was convicted

following a trial, was imprisoned three times previously, and was older than defendant. Of great importance to the trial court here was the fact that the shooting occurred when many innocent bystanders were present. Indeed, the court repeatedly commented throughout its lengthy ruling that such conduct needed to be deterred.

¶ 10 Defendant moved the trial court to reconsider, arguing that the court overlooked several mitigating factors, including defendant's youth and rehabilitative potential. The court denied the motion. The court asserted that it was aware of defendant's age and rehabilitative potential but found that the need to deter others was of greater importance.

¶ 11 Following the court's ruling on the motion to reconsider, the State noted that it was "in the position to resolve" case Nos. 17-CF-388 and 17-CF-3006. The State dismissed case No. 17-CF-3006, and defendant was unsuccessfully discharged from probation in case No. 17-CF-388. Defendant then filed this timely appeal.

¶ 12                                     II. ANALYSIS

¶ 13 On appeal, defendant argues that (1) his 10-year sentence for aggravated discharge of a firearm is excessive, and (2) he is entitled to day-for-day credit because of a conflict in the sentencing-credit statute. We consider each argument in turn.

¶ 14                              A. Excessive Sentence

¶ 15 First, we address whether defendant's sentence is excessive. It is well established that the trial court's sentencing decision is entitled to great deference and weight. *People v. Latona*, 184 Ill. 2d 260, 272 (1998). A sentence within the statutory limits for the offense will not be disturbed absent an abuse of discretion (*People v. Coleman*, 166 Ill. 2d 247, 258 (1995)), which occurs when the sentence "is greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense" (*People v. Stacey*, 193 Ill. 2d 203, 210 (2000)).

Accordingly, we will not reduce a sentence merely because we might weigh the pertinent factors differently. *Id.* at 209.

¶ 16    The weight to be attributed to each factor in aggravation and mitigation depends upon the circumstances of the case. *People v. Kolzow*, 301 Ill. App. 3d 1, 8 (1998). In fashioning a sentence, the trial court is not required to recite and assign a value to each mitigating factor, and the existence of mitigating factors does not obligate the trial court to impose the minimum sentence. *People v. Adamcyk*, 259 Ill. App. 3d 670, 680 (1994). Rather, where mitigating evidence was before the trial court, we presume that the sentencing judge properly considered the evidence, absent some indication to the contrary other than the sentence itself. *People v. Allen*, 344 Ill. App. 3d 949, 959 (2003).

¶ 17    Here, defendant pleaded guilty to aggravated discharge of a firearm, a Class 1 felony. 720 ILCS 5/24-1.2(a)(2), (b) (West 2018). A defendant who enters an open plea to a Class 1 felony faces a sentence between 4 to 15 years. 730 ILCS 5/5-4.5-30(a) (West 2018).[1] Defendant's 10-year sentence is 6 months above the midpoint of this range.

¶ 18    Recognizing that his sentence is within the statutorily authorized range, defendant argues that his sentence should be reduced because the trial court did not "meaningfully" and "fully" consider his (1) acceptance of guilt; (2) expression of remorse; (3) limited criminal history; (4) rehabilitative potential; (5) family circumstances; and (6) youth. As the State notes, the record rebuts defendant's arguments.

---

[1] Defendant claims that the sentencing range is 4 to 14 years. Clearly, that is not correct. See *id.* For its part, the State does not comment on the error defendant made. We caution both parties to be more careful with such matters in the future.

¶ 19    All the mitigating factors the defendant cites were expressly considered by the trial court when it fashioned the 10-year sentence.  The court credited defendant with these mitigating factors but gave more weight to the severity of the crime and the need to deter others from firing weapons outside a busy public place where innocent people could be hurt.  This was proper.  *People v. Charles*, 2018 IL App (1st) 153625, ¶ 47 ("The most important sentencing factor is the seriousness of the offense, and the court need not give greater weight to rehabilitation or mitigating factors than to the severity of the offense.").  Because we see no abuse of discretion in the court's assessment, we decline defendant's invitation to modify his sentence.  See *People v. Streit*, 142 Ill. 2d 13, 19-20 (1991).

¶ 20    To the extent that defendant argues that his sentence should be reduced in light of Johnson's sentence and the circumstances under which it was imposed, we find defendant's argument unpersuasive.  While Illinois courts have held that fundamental fairness requires that similarly situated defendants not receive grossly disparate sentences, that principle applies "only in the context of codefendants involved in the same crime." *People v. Fern*, 189 Ill. 2d 48, 58 (1999).  Defendant and Johnson were not codefendants.[2]  Although they were both involved in the shooting, "equal sentences are not required for all participants in the same crime." *People v. Stroup*, 397 Ill. App. 3d 271, 273 (2010).  Moreover, given "the intricacies that work into the

---

[2] Even if they were codefendants, defendant has not provided us with a record from Johnson's case that would enable us to compare defendant's and Johnson's sentences.  See *People v. Anderson*, 2021 IL App (2d) 191001, ¶ 28 ("[I]f we have no record of the factors that the trial court relied on when sentencing the codefendant, we cannot decide whether any sentencing disparity was unfair.").

sentencing court's judgment, including but not limited to that court's direct observations of the defendant's demeanor," courts recognize that "no two cases are ever truly 'the same.' " *People v. Terneus*, 239 Ill. App. 3d 669, 678 (1992). This basis for disparate sentences is especially applicable here, where the same judge did not preside over both cases.

¶ 21 Moreover, there is questionable merit to defendant's extensive argument that the trial court should have given his youth more weight. As we have recently noted, courts are departing, however slightly, from the position that trial courts must give great weight at sentencing to a juvenile's youth. See *People v. Nichols*, 2021 IL App (2d) 190659, ¶ 25 (discussing *Jones v. Mississippi,* 593 U.S. ___, 141 S. Ct. 1307 (2021)). See also *People v. Dorsey*, 2021 IL 123010, ¶ 42-43 (discussing impact of *Jones* on prior Illinois decisions). Thus, youth may not now be as a significant mitigating factor as defendant suggests. That said, as noted above, the court *did* consider defendant's youth in fashioning the sentence. Again, defendant is asking this court to reevaluate the sentencing factors and give greater weight to his age, which is something we cannot do.

¶ 22                                    B. Day-For-Day Credit

¶ 23 The second issue we address is whether defendant is entitled to day-for-day credit because of what he perceives as a conflict in the sentencing-credit statute. The statute at issue—sections 3-6-3(a)(2)(iii) and (iv) of the Unified Code of Corrections Code (Code) (730 ILCS 5/3-6-3(a)(2)(iii), (a)(2)(iv) (West 2018))—provides:

> "[T]he rules and regulations on sentence credit shall provide, with respect to offenses listed in clause (i), (ii), or (iii) of this paragraph (2) committed on or after June 19, 1998 or with respect to the offense listed in clause (iv) of this paragraph (2) committed on or after June 23, 2005 *** the following:

* * *

(iii) that a prisoner serving a sentence for *** aggravated discharge of a firearm *** when the court has made and entered a finding *** that the conduct leading to conviction for the enumerated offense resulted in great bodily harm to a victim, shall receive no more than 4.5 days of sentence credit for each month of his or her sentence of imprisonment;

(iv) that a prisoner serving a sentence for aggravated discharge of a firearm, whether or not the conduct leading to conviction for the offense resulted in great bodily harm to the victim, shall receive no more than 4.5 days of sentence credit for each month of his or her sentence of imprisonment."

¶ 24 Because defendant's crime was committed on March 18, 2018, he notes that both sections 3-6-3(a)(2)(iii) and (iv) apply. He argues that the applicability of both subsections creates a conflict and, under the rule of lenity, he is entitled to day-for-day sentencing credit. See *People v. Lee*, 397 Ill. App. 3d 1067, 1069 (2010) ("In criminal prosecutions, the rule of lenity requires ambiguities in statutes to be resolved in a defendant's favor.").

¶ 25 The First District has twice addressed and rejected this same argument. See *People v. Darius Williams*, 2017 IL App (1st) 150795, ¶¶ 50-54; *People v. James Williams*, 2015 IL App (1st) 130097, ¶¶ 59-63. In *Darius Williams*, the defendant, like defendant here, was convicted of aggravated discharge of a firearm and argued that day-for-day credit applied because he committed his crime after both dates specified in sections 3-6-3(a)(2) of the Code. *Darius Williams*, 2017 IL App (1st) 150795, ¶¶ 1, 52. The First District disagreed. *Id.* ¶ 54. The court reasoned:

"[I]t seems that the legislature intended, by including these two effective dates, that the penalties for aggravated discharge of a firearm should change depending on when they

were committed. If the crime was committed between June 19, 1998[,] and June 22, 2005, then clause (iii) would apply, and the defendant could receive day-for-day credit unless the trial court made the necessary finding [of great bodily harm.] But the penalty became more severe starting on June 23, 2005, and there would be no day-for-day credit regardless of whether the conduct resulted in great bodily harm. Our interpretation of the statute's plain language is consistent with [*James Williams*], where the defendant raised the same argument. The [*James Williams*] court rejected it, noting that the language indicated that the legislature 'deemed this offense to be of such a serious nature, that it sought to enhance the time served provision regardless of bodily harm to a victim.' [Citation]. We agree and reject this claim." (Emphases added.) *Id.* ¶ 54.

Like the courts in *Darius Williams* and *James Williams*, we determine that the legislature intended to enhance the term served for aggravated discharge of a firearm regardless of whether the victim suffered great bodily harm. Thus, we reject defendant's argument here.[3] We determine that there is no conflict between sections 3-6-3(a)(2)(iii) and (iv) of the Code, and thus, defendant is not entitled to day-for-day sentencing credit.

¶ 26    Defendant argues that neither *Darius Williams* nor *James Williams* should be followed here, as neither case looked to the legislative history to resolve the alleged conflict. While it is true that neither court consulted legislative history, defendant himself has not cited any legislative history or other authority suggesting that the legislature intended something different than what the plain language indicates. Accordingly, we will not entertain defendant's argument. See Ill. S.

_____

[3] We note that defendant did not object when he was admonished at the plea hearing (and at several points thereafter) that he would have to serve 85% of his sentence.

Ct. R. 341(h)(7) (eff. May 25, 2018) (failure to cite authority in support of appellate argument waives or forfeits the contention on appeal).

¶ 27                                  III. CONCLUSION

¶ 28     For these reasons, we affirm the judgment of the circuit court of Winnebago County.

¶ 29     Affirmed.