NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230408-U

NO. 4-23-0408

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 22, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| JAMAIN L. McFADDEN, | ) | No. 18CF609 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Brendan A. Maher, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Lannerd and DeArmond concurred in the judgment.

**ORDER**

¶ 1   *Held*: The appellate court granted the Office of the State Appellate Defender's motion to withdraw as appellate counsel and affirmed the circuit court's judgment, concluding no issue of arguable merit could be raised on appeal.

¶ 2   Defendant, Jamain L. McFadden, appeals from the circuit court's judgment summarily dismissing his postconviction petition. On appeal, defendant's appointed counsel, the Office of the State Appellate Defender (OSAD), moves to withdraw on the ground no issue of arguable merit can be raised. For the reasons that follow, we grant OSAD's motion and affirm the court's judgment.

¶ 3                    I. BACKGROUND

¶ 4   In April 2018, the State charged defendant with aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2018)), unlawful possession of a firearm by a street gang member

(720 ILCS 5/24-1.8(a)(2) (West 2018)), aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(2) (West 2018)), unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2018)), possession of a firearm without a valid Firearm Owner's Identification (FOID) card (430 ILCS 65/2(a)(1) (West 2018)), and resisting a peace officer (720 ILCS 5/31-1(a) (West 2018)).

¶ 5        In April 2019, defendant, through defense counsel, filed an answer to discovery alleging he acted in self-defense.

¶ 6        In November 2019, defendant entered an open plea of guilty to aggravated discharge of a firearm. In exchange for defendant's plea, the State dismissed the other charges against defendant. As a factual basis for the plea, the parties stipulated to the following:

> "On March 18th, 2018, several police agencies responded to call of shots fired at [CherryVale] Mall outside of Barnes and Noble. Witnesses advised that a black male was seen running from the area towards Kegel's Harley Davidson, Cherry Valley Police Officers observed a black male wearing a white t-shirt running near the vacant MC Sports building and Kegel's and they pursued the male on foot.

> Officers order[ed] the male to the ground and he complied, but he put his hands underneath his body towards the front waist area of his pants. After securing the male, officers found a Taurus 9mm handgun with the slide locked back in his waistband which did not have any ammunition in the magazine. The male was identified as this defendant, [defendant].

Witnesses told officers that a black male wearing a white t-shirt and a half zipped black jacket had exited the bookstore with a black handgun and began shooting at a grey minivan parked in front of Barnes and Noble. Witnesses told officers that after the shooting, the black male ran toward the front of Granite City restaurant.

Officers conducted a K-9 article search and found a black zip-up hoodie and a baseball hat in the area [defendant] had run from. [Defendant] was transported to the hospital due to trouble breathing. At the hospital [defendant] voluntarily stated it was only a matter of time before he was caught with a gun again. [Defendant] also told medical staff that he had run from the front of the mall to where the cops had caught him.

Surveillance footage from [CherryVale] Mall showed [defendant] exit Barnes and Noble holding a gun. Footage also showed [defendant] shooting and striking a silver minivan type of vehicle and then running off toward the Granite City area. [Defendant] did not have a valid FOID card and was a convicted felon having been convicted of aggravated unlawful use of weapons in Winnebago County case [No.] 17[-]CF[-]388. All of these events occurred in Winnebago Count [*sic*] in the state of Illinois."

At the plea hearing, defense counsel noted his intent to present mitigating evidence at the sentencing hearing "involving the alleged victim who *** also was sentenced in this case."

¶ 7            Over a three-day period between January and March 2020, the circuit court conducted a sentencing hearing. The court received testimony from Detective Mike Rach. Detective Rach responded to a shooting at CherryVale Mall on March 18, 2018. Detective Rach collected surveillance video from the mall. Clips from the surveillance video were played for the court. The video showed defendant outside the Barnes and Noble, raising his arm and firing a handgun at a silver-colored vehicle parked in the parking lot. The video also shows Marchello Johnson firing a gun from inside the silver vehicle. Detective Rach, on examination by defense counsel, agreed the shootings occurred "virtually simultaneously." Johnson, as acknowledged by defense counsel, was charged for the shooting, went to trial, and was convicted prior to defendant's guilty plea. The State, in making a sentencing recommendation, asserted the evidence suggested defendant fired before Johnson. The court sentenced defendant to 10 years in prison. In reaching its decision, the court agreed with the State that the evidence suggested defendant shot first but found, regardless, the shootings occurred "almost simultaneously," and "the point is *** they are both shooting at people in an open mall."

¶ 8            In April 2020, defendant filed a motion to reconsider the sentence, which he later amended. Following a May 2020 hearing, the circuit court denied defendant's motion, and defendant appealed. The Second District affirmed on direct appeal. *People v. McFadden*, 2021 IL App (2d) 200325-U.

¶ 9            On January 17, 2023, defendant filed a *pro se* postconviction petition. In the petition, defendant raised a claim of actual innocence based on newly discovered evidence. Specifically, defendant alleged he was actually innocent of the charge to which he pleaded guilty because he acted in self-defense after Johnson shot first. In support of his claim, defendant relied upon transcripts from Johnson's trial, which he asserted was evidence not made available to him

at the time of his guilty plea. Defendant acknowledged Johnson's trial was held before his guilty plea and his counsel was aware of that fact. As part of his claim, defendant also complained about the State's pursuit of contradictory theories at his sentencing hearing and at Johnson's trial concerning who shot first. Defendant further asserted, had the State presented the transcripts from Johnson's trial to the circuit court prior to his guilty plea, the court would have rejected the plea.

¶ 10    On March 2, 2023, the circuit court entered a written order summarily dismissing defendant's *pro se* postconviction petition, finding it to be frivolous and patently without merit.

¶ 11    On April 3, 2023, defendant filed a *pro se* motion to reconsider the summary dismissal of his postconviction petition. In the motion, defendant argued the State's pursuit of contradictory theories at his sentencing hearing and at Johnson's trial violated his due process rights. Defendant also argued plea counsel was ineffective for failing to discover the State had theorized at Johnson's trial that Johnson fired first.

¶ 12    On April 18, 2023, the circuit court entered a written order denying defendant's motion to reconsider. Thereafter, defendant filed a timely notice of appeal, and OSAD was appointed to represent defendant.

¶ 13                              II. ANALYSIS

¶ 14    On appeal, OSAD moves to withdraw as counsel on the ground no issue of arguable merit can be raised. Defendant has not filed a response to OSAD's motion.

¶ 15                    A. The Post-Conviction Hearing Act

¶ 16    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)) provides a "statutory procedure by which a defendant can pursue a claim that his conviction or sentence was based on a substantial denial of his constitutional rights." *People v. Clark*, 2023 IL 127273, ¶ 38, 216 N.E.3d 855; see 725 ILCS 5/122-1(a)(1) (West 2022). The Act generally

contemplates three stages. *People v. Johnson*, 2021 IL 125738, ¶ 24, 182 N.E.3d 728. Where, as here, a postconviction petition is summarily dismissed at the first stage, that dismissal is reviewed *de novo*. *People v. Hommerson*, 2014 IL 115638, ¶ 6, 4 N.E.3d 58.

¶ 17                                    B. Procedural Challenge

¶ 18          OSAD indicates it considered raising a procedural challenge to the circuit court's summary dismissal of defendant's postconviction petition but concluded any argument in support thereof would be frivolous.

¶ 19          At the first stage of postconviction proceedings, a circuit court may summarily dismiss a postconviction petition so long as it does so within 90 days of its filing. 725 ILCS 5/122-2.1(a)(2) (West 2022); *Johnson*, 2021 IL 125738, ¶ 24. A defendant may, furthermore, file a motion to reconsider the summary dismissal of a postconviction petition so long as the motion is filed within 30 days of the dismissal. *People v. Dominguez*, 366 Ill. App. 3d 468, 472, 851 N.E.2d 894, 899 (2006).

¶ 20          In this case, the circuit court summarily dismissed defendant's *pro se* postconviction petition on March 2, 2023, within 90 days of its January 17, 2023, filing. Defendant, thereafter, filed a timely motion to reconsider the summary dismissal on April 3, 2023, which the court later considered and denied. On this record, we agree any argument raising a procedural challenge to the court's dismissal of defendant's postconviction petition would be frivolous.

¶ 21                                    C. Substantive Challenge

¶ 22          OSAD indicates it also considered raising a substantive challenge to the circuit court's summary dismissal of defendant's postconviction petition but concluded any argument in support thereof would be frivolous.

- 6 -

¶ 23        At the first stage of postconviction proceedings, a circuit court may summarily dismiss a postconviction petition if it determines the petition is frivolous or patently without merit, meaning "it has no arguable basis either in law or in fact." (Internal quotation marks omitted.) *Johnson*, 2021 IL 125738, ¶ 26; see 725 ILCS 5/122-2.1(a)(2) (West 2022). In considering a petition at this stage, all allegations in the petition must be liberally construed and accepted as true unless they are positively rebutted by the record. *Johnson*, 2021 IL 125738, ¶ 25.

¶ 24        OSAD concluded defendant did not present an arguable claim of actual innocence based upon newly discovered evidence. We agree. A postconviction claim of actual innocence requires supporting evidence that is, amongst other things, newly discovered. *People v. Robinson*, 2020 IL 123849, ¶ 47, 181 N.E.3d 37. Newly discovered evidence has been defined as "evidence that was discovered after trial and that the [defendant] could not have discovered earlier through the exercise of due diligence." *Robinson*, 2020 IL 123849, ¶ 47. The supporting evidence identified by defendant in this case, the transcripts from Johnson's trial, do not constitute newly discovered evidence. Defendant and his plea counsel were aware of Johnson's trial prior to the guilty plea and, therefore, they could have discovered the transcripts of that proceeding sooner through the exercise of due diligence. Absent newly discovered evidence, defendant's claim fails.

¶ 25        OSAD concluded defendant did not present an arguable due process claim based upon the State's failure to make the transcripts from Johnson's trial available to the defense. We agree. A due process claim based upon the State's failure to disclose evidence requires supporting evidence that is, amongst other things, suppressed by the State. *People v. Beaman*, 229 Ill. 2d 56, 73-74, 890 N.E.2d 500, 510 (2008). The supporting evidence in this case, the transcripts from Johnson's trial, was not suppressed by the State. To the contrary, the record shows the State made

the defense aware Johnson had been found guilty prior to the entry of the judgment against defendant. Absent evidence suppressed by the State, defendant's claim fails.

¶ 26        OSAD concluded defendant did not present an arguable due process claim based upon the State pursuing contradictory theories at his sentencing hearing and at Johnson's trial concerning who shot first. We agree. "The mere fact that the State argued for different inferences in different cases does not make either argument so unfair that it violates the Due Process Clause." *Stumpf v. Robinson*, 722 F.3d 739, 750 (6th Cir. 2013). The State, here, argued different inferences based on the same video evidence. Furthermore, the circuit court concluded it ultimately did not matter who fired the first shot. Without more, defendant's claim fails.

¶ 27        OSAD concluded defendant did not present an arguable claim of ineffective assistance based upon plea counsel failing to discover the State had theorized at Johnson's trial that Johnson fired first. We agree. Initially, we note the allegations in defendant's petition, liberally construed, do not suggest a claim of ineffective assistance. See 725 ILCS 5/122-3 (West 2022) ("Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is [forfeited].") In any event, defendant must have been arguably prejudiced by plea counsel's alleged deficient performance for his claim to survive summary dismissal. *People v. Brown*, 236 Ill. 2d 175, 185, 923 N.E.2d 748, 754 (2010). Prior to defendant's guilty plea, the defense pursued a theory of self-defense. In addition, the defense was aware of the video evidence showing shots being fired virtually simultaneously. Still, defendant decided to plead guilty. We cannot say, therefore, defendant was arguably prejudiced by counsel's alleged failure to discover the State had theorized at Johnson's trial that Johnson fired first. Absent arguable prejudice, defendant's claim fails.

¶ 28    On this record, we agree any argument raising a substantive challenge to the circuit court's summary dismissal of defendant's postconviction petition would be frivolous.

¶ 29                    III. CONCLUSION

¶ 30    Because the record reveals no issue of arguable merit can be raised on appeal, we grant OSAD's motion to withdraw and affirm the circuit court's judgment.

¶ 31    Affirmed.